# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00025-KDB-DCK

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| Alejandro Salinas Garcia, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Reduce Sentence (Doc. No. 309) and pro se Motion for Joinder (Doc. No. 313). For the reasons discussed below, the Court will **DENY** the Motions.

Regarding Defendant's Motion to Reduce Sentence, Defendant relies on what he calls the "Holloway Doctrine" which he argues permits courts to reduce disproportionately severe sentences. Holloway sought reconsideration of his § 2255 petition, which the court considered and requested that the DOJ agree to vacate two of his convictions. *Holloway v. United States*, 68 F. Supp. 3d 310, 314 (E.D.N.Y. May 14, 2014). The Holloway Doctrine "is not a doctrine at all, but a single case carrying no precedential weight in this court." *United States v. Horton*, No. 2:12-CR-00007-F1, 2016 U.S. Dist. LEXIS 78611, at *3 (E.D.N.C. June 16, 2016).

Like the matter before the court in *Horton*, the instant Motion is not one for reconsideration of a § 2255, but a motion for reduction in sentence. Thus, Defendant's Motion will be considered under 18 U.S.C. § 3582. The Court finds no extraordinary and compelling reason to warrant a reduction in Defendant's sentence, and he is not at least seventy years of age. Thus, the Court finds

that Defendant does not fall within the § 3582(c)(1)(A) factors and is not entitled to a reduction in his sentence.

Regarding Defendant's Motion for Joinder, Defendant moves this Court for joinder to case *United States v. Amur Mashug El*, docket number 3:16-cr-00166-MOC-DSC. The case that Defendant wishes to join is a criminal action against Amur El for allegedly filing false liens against the real and personal property of two federal employees. Neither Rule 8(b) nor Rule 13 of the Federal Rules of Criminal Procedure provide Defendant any grounds for joinder to the *El* case. Rule 8(b) allows additional defendants to be joined to a criminal case, and Rule 13 allows separate criminal cases to be tried together. Defendant had no involvement with the underlying charges of the *El* case, and he is not a named defendant in a separate, ongoing criminal case that is subject to joinder to the *El* case under Rule 13.

**IT IS THEREFORE ORDERED** that Defendant's Motions are **DENIED**.

Signed: July 15, 2021

Kenneth D. Bell
United States District Judge