IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:09-CR-00025-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| ALEJANDRO SALINAS GARCIA, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Alejandro Salinas Garcia's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 354). Defendant seeks compassionate release arguing that: (1) he was not sentenced under the Fair Sentencing Act; (2) his sentence was "harsh" when compared to his co-defendants' sentences; (3) he needs to be released so he can look after his father; (4) the risk of contracting COVID-19 while incarcerated at FCI Fort Dix[1] is high and he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus; and (5) his rehabilitative efforts and the § 3553(a) factors support release. Counsel for Defendant filed a Reply and Supplemental Memorandum (Doc. No. 360) addressing only Defendant's need to care for his father and supposed unwarranted sentencing disparities with his co-defendants.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Fort Dix currently has zero inmates and zero staff with confirmed active cases of COVID-19. There have been 2 inmate deaths and zero staff deaths, while 1,238 inmates have recovered, and 134 staff have recovered. Additionally, at FCI Fort Dix, 277 staff have been fully inoculated and 3,370 inmates have been fully inoculated.

The Government opposes the motion. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

## I. BACKGROUND

On February 11, 2010, Alejandro Salinas Garcia plead guilty to conspiracy to possess with intent to distribute cocaine, cocaine base and marijuana, in violation of 21 U.S.C. §841(b)(1)(A) (Count One). On December 7, 2012, the Defendant was sentenced to life imprisonment with five years of supervised release. (Doc. No. 260). On February 17, 2016, Defendant's sentence was reduced to 360 months imprisonment pursuant to Amendment 782. (Doc. No. 303).

Defendant is currently 41 years old and serving his prison sentence at FCI Fort Dix in New Jersey. According to the Bureau of Prisons website, his scheduled release date is June 8, 2035.

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) **Modification of an imposed term of imprisonment**. —The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

18 U.S.C. § 3582(c). Upon exhaustion of his administrative remedies, "a defendant becomes eligible for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021).

However, there is currently no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). "The only policy statement that could possibly be 'applicable'" is U.S.S.G. § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added). Section 1B1.13 applies only to BOP-filed motions. As a result, district courts may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.* Still, the Fourth Circuit has recognized that Section 1B1.13 provides helpful guidance to courts in determining what constitutes "extraordinary and compelling reasons." *High*, 997 F.3d at 185. With respect to medical conditions, Section 1B1.13 states that extraordinary and compelling reasons include when a "defendant is suffering from a

terminal illness" or is "suffering from a serious physical or medical condition." U.S.S.G. 1B1.13 cmt. 1(A)(i), (ii).

Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g.*, *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III. DISCUSSION

1. Fair Sentencing Act of 2010

The Defendant argues that he was not sentenced in accordance with the Fair Sentencing Act. (Doc. No. 354, at 12). However, Defendant's argument is moot as this Court ruled in an Order filed on November 4, 2019, that Defendant was sentenced on December 5, 2012, (Doc. No. 260: Judgment at 1), well after the effective date of the Fair Sentencing Act. (Doc. No. 318). In an unpublished opinion by the Fourth Circuit Court of Appeals, the Court ruled that the district court correctly denied the motion. (Doc. No. 347 at 7). Thus, this claim is moot.

2. Sentencing Disparity with Co-Defendants

The Defendant argues that his sentence was "particularly harsh in light of the shorter sentences his co-defendants received." (Doc. No. 354, at 18-19, Doc. No. 360, at 7-8). While it is true that there are differences between the Defendant's and his co-defendants' sentences, there are no unwarranted disparities. Defendant's base offense (38) was higher than all but one co-defendant, who also had a base offense level of 38. Defendant was the only member of the indictment to receive a 4 level enhancement for his role in the offense. The Defendant did not receive a reduction in his total offense level for acceptance of responsibility. At one time the Defendant received from the government a motion for downward departure, but the Court allowed the government to withdraw that motion. Defendant had the highest Total Offense Level (43) of all of the indicted defendants; his Criminal History Category (III) included additional points for committing the instant offense while under supervision for a previous conviction.

In addition, Defendant's co-defendants generally received sentences within their calculated Guidelines ranges (as did Defendant) or received government motions for downward departure. Thus, Defendant's recitation of co-defendants' sentences compared to his is not informative for a disparity argument, and of course does not take into account the Court's individualized application of the 3553(a) factors.

3. Released to Care for Father

The Defendant asserts that he needs to be released so he can care for his aging father. (Doc. No. 354 at 24). There are other family members capable (willing or not) to care for Defendant's father. Defendant's older brother, Miguel Garcia, lives near their father in Texas. (Doc. No. 360). Miguel writes that he is unable to continue to care for his father as he travels for extended periods of time and regrettably his wife has divorced him and is unable to care for his father. *Id*. This explanation reflects a family choice, not an extraordinary and compelling reason for Defendant's

release. Additionally, according to Defendant's Presentence Report, he has two other siblings, Omar Garcia and Lucia Garcia Vargas, that should be able to provide assistance. (Doc. No. 149, ¶ 81). From a purely practical perspective, because Defendant is subject to an ICE detainer (Doc. No. 357, at 19) he almost certainly will not be available to care for his father even if released. Therefore, this assertion for release does not present an extraordinary and compelling reason.

4. COVID-19

Defendant bases part of his motion on the threat posed by the COVID-19 pandemic. (Doc. No. 354 at 25-26). Defendant fails to provide his BOP medical records to substantiate any medical claims; therefore, there is no extraordinary and compelling reason for a sentence reduction. Furthermore, the Government informs the Court that Defendant initially refused the Pfizer vaccine on January 21, 2021, but changed his mind and was subsequently vaccinated and received a booster on March 25, 2021, and April 14, 2021, and October 22, 2021. (Doc. No. 361, Exhibit 1) The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine*, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

The vaccine addresses Defendant's concerns about contracting COVID-19 and his purported risk of severe illness should he contract the virus. Because Defendant's vaccination significantly mitigates the risk of contracting COVID-19, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus.

5. Harsh Conditions

Furthermore, to the extent that Defendant wishes to raise a claim that the lockdowns and restrictions imposed during the pandemic resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant *to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under Bivens will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[2]

6. Rehabilitative Efforts and the 3533(a) Factors

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities

---

[2] Defendant is confined at FCI Fort Dix which is located in the District of New Jersey.

among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

Bureau of Prison records indicate that Defendant has completed many educational or work assignments during his time of incarceration. Defendant provided the Court with copies of his certificates, courses taken and comments from staff. (Doc. No. 355). Although laudable, Defendant's efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society.

By age 23, Defendant had earned a criminal history category III. (Doc. No. 149 at 21). Defendant is serving a federal prison sentence for conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base and marijuana. The nature and circumstances of his offenses were extreme and serious as it involved 150 kilograms or more of cocaine and he was the leader. *Id.* ¶¶ 43, 46. At the time he committed his offense, Defendant had already been convicted of second degree burglary, simple possession of Schedule II controlled substance, and possess with intent to sell and deliver cocaine. As this Court noted when Defendant was sentenced, his criminal history supports a need to protect the public and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

Defendant's post release plan is encouraging, and it is very much hoped that his prospective living and employment opportunities remain available upon release. Nonetheless, a sound post release plan, when considered in concert with the factors described above, does not justify an early release based upon extraordinary and compelling reasons.

In sum, the Court has considered each of the advanced grounds in combination to determine whether taken together they rise to an extraordinary and compelling reason to grant compassionate release. While the Court recognizes its authority to do so, it finds that they do not.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), and the First Step Act of 2018 (Doc. No. 354), is **DENIED.**

**SO ORDERED.**

Signed: May 5, 2023

Kenneth D. Bell
United States District Judge