# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00025-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALEJANDRO SALINAS GARCIA,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Alejandro Salinas Garcia's motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 378). Defendant seeks compassionate release arguing that he is serving an unusually long sentence. The Government opposes the motion. Having carefully reviewed the Defendant's motion and his reply (Doc. No. 385) to the Government's response (Doc. No. 384) and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

On February 11, 2010, Alejandro Salinas Garcia plead guilty to conspiracy to possess with intent to distribute cocaine, cocaine base and marijuana, in violation of 21 U.S.C. §841(b)(1)(A) (Count One). On December 7, 2012, the Defendant was sentenced to life imprisonment with five years of supervised release. (Doc. No. 260). On February 17, 2016, Defendant's sentence was reduced to 360 months

imprisonment pursuant to Amendment 782. (Doc. No. 303). Last year, Defendant filed a prior motion for compassionate release which was denied by the Court. (Doc. No. 363). Defendant appealed the Court's order, and the Fourth Circuit Court of Appeals affirmed the Court's decision. (Doc. No. 367).

Defendant is currently 43 years old and serving his prison sentence at FCI Fort Dix in New Jersey. According to the Bureau of Prisons website, his scheduled release date is June 8, 2034.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted). "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed August 15, 2024). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant,

family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). Relevant to Mr. Garcia's case, § 1B1.13(c) now states that "[e]xcept as provided in subsection (b)(6), a change in the law … shall not be considered for purpose of determining whether an extraordinary and compelling reason exists under this policy statement."

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Defendant contends that his unusually long sentence is an extraordinary and compelling reason for a sentence reduction. The Court analyzed substantially this this same claim and rejected it in its prior Order (Doc. No. 363) which was affirmed by the Fourth Circuit. (Doc. No. 367).

U.S.S.G § 1.B1.13(b)(6) provides, in part, that an "Unusually Long Sentence" may be grounds for compassionate release if there has been "a change in the law (other than an amendment to the Guidelines Manual that has not been made

retroactive) . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." There has been no change in the law since Defendant's sentencing that would alter Defendant's Sentencing Guidelines Range if he were sentenced today.

Defendant contends that the factors to be considered for application of the role enhancement pursuant to § 3B1.1 were substantively changed by the Fourth Circuit Court of Appeals in *United States v. Burnley*, 988 F.3d 184 (4th Cir. 2021). That is not correct. *Burnley* did not change the factors to be considered for imposition of the role enhancement; it quoted the factors from *United States v. Cameron*, 573 F.3d 179, 184 (4th Cir. 2009), a decision issued years before Defendant was sentenced.

Defendant's argument is nothing more than an attack on the Court's imposition of the enhancement as erroneous. Such an attack is not permissible in a motion for compassionate release. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). In any event, a review of Defendant's sentencing transcript (Doc. No. 272) confirms that after exhaustive evidence and argument the enhancement was correctly applied.[1] While the sentence is long, there is no unwarranted sentencing disparity with co-defendants and it is at the bottom of the sentencing guidelines range.

---

[1] Defendant's arguments that the Sentencing Commission has considered amendments to U.S.S.G. § 1B1.3 (Relevant Conduct) and "society's evolving understanding" of the length of prison sentences are irrelevant to a motion for compassionate release.

Finally, Defendant contends that the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1 in Amendment 821 would affect his sentence. (Doc. No. 378 at 16). Again, he is incorrect. Defendant did have "status points" under U.S.S.G. §4A1.1 in Amendment 821. Defendant had 3 criminal history points before the addition of the 2 status points. (Doc. No. 194, ¶¶ 66-68). With the removal of 2 status points (because he had 6 criminal history points or less), criminal history points of 3 equals a criminal history category of II. However, with a total offense level of 42 and a criminal history category II, the amended guideline range is still 360 months to life and thus there would be no change for Defendant if he were sentenced today.

While the Court finds that Defendant has not established an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weigh against a reduction in sentence in any event, as this Court has already ruled. (Doc. No. 363). The United States Probation Office has informed the Court that while incarcerated Defendant took numerous classes and participated in work programs and incurred a disciplinary infraction within the last year by possessing a hazardous tool. Although commendable, his efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant's offense conduct was serious, presenting a danger to the public by involving large amounts of drugs. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 378), is **DENIED.**

**SO ORDERED.**

Signed: August 15, 2024

Kenneth D. Bell
United States District Judge